IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Jamie Lynn Zaharakis**, individually
and on behalf of all other similarly
situated consumers,

               Plaintiff,

v.

**Iouree Dell Harris**, an individual, and
**Access Resource Services, Inc.**, a
Foreign Profit Corporation, **Physic
Readers Network, Inc.**, a Foreign Profit
Corporation, **Steven L. Feder** and **Peter
Stolz, jointly d/b/a "Miss Cleo," Master
Tarot Reader and Psychic**,

               Defendants.

Case No. 02-60208
Hon. MARIANNE O. BATTANI

MAGISTRATE JUDGE KOMIVES

FILED 2002 OCT -4 P 2:

| | |
|---|---|
| Bill Colovos (P38434)<br>Law Offices of Bill Colovos<br>Attorney for Plaintiff<br>13400 Dix-Toledo Road<br>Southgate, Michigan 48195<br>(734) 282-2900<br>(734) 281-7332 (fax) | Eric A. Linden (P33240)<br>Patrice S. Arend (P56962)<br>JAFFE, RAITT, HEUER & WEISS, PC<br>Attorneys for Defendant Access Resource<br>Services and Psychic Readers Network, Inc.<br>One Woodward Avenue, Suite 2400<br>Detroit, Michigan 48226<br>313-961-8380 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendants Access Resource Services, Inc. and Psychic Readers Network, Inc., hereby removes <u>Zaharakis v. Harris et al.</u>, No. 02-230272-CP ("State Court Action"), pending in the Circuit Court for Wayne County, Michigan to the United States District Court for the Eastern District of Michigan, Southern Division. Removal to this Court is proper for the reasons set forth below.

1. Defendant Access Resource Services, Inc. first received a copy of the initial pleading setting forth the claim for relief on which this action is based via certified mail not earlier than September 4, 2002. Defendant Psychic Readers Network, Inc. first received a copy of the initial pleading setting for the claim for relief on which this action is based via Federal Express on or about September 27, 2002. This Notice is filed within 30 days of these dates.

2. The State Court Action is a civil action over which this Court has now, and had when the State Court Action was commenced, original diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332(a). This action may be removed to this Court pursuant to 28 U.S.C. § 1441. Plaintiff's Complaint places in controversy an amount in excess of $75,000 exclusive of interest, costs, and disbursements, and complete diversity of citizenship exists between Plaintiff and Defendants.

3. Plaintiff Jamie Lynn Zaharakis is now, and was when the State Court Action was commenced, a resident of Wayne County, Michigan (Compl. ¶ 1.)

4. Access Resource Services, Inc. was not a citizen of the state of Michigan when this action was commenced, and is not a citizen of the state of Michigan today. It is a Delaware corporation with its principal place of business in the State of Florida.

5. Psychic Readers Network, Inc. was not a citizen of the state of Michigan when this action was commenced, and is not a citizen of the state of Michigan today. It is a Florida corporation with its principal place of business in the State of Florida.

6. Defendant Iouree Dell Harris has not been properly served with a copy of the Summons and Complaint. No entry of appearance has yet been made on her behalf. Upon information and belief, Iouree Dell Harris is a citizen of the State of Florida.

2

7. Defendant Steven L. Feder has not been properly served with a copy of the Summons and Complaint. No entry of appearance has yet been made on his behalf. Upon information and belief, Feder is a citizen of the State of Florida. (Compl. ¶ 5.)

8. Defendant Peter Stolz has not been properly served with a copy of the Summons and Complaint. No entry of appearance has yet been made on his behalf. Upon information and belief, Stolz is a citizen of the State of Florida. (Compl. ¶ 7.)

9. Plaintiff's Complaint alleges, among other things, that the amount in controversy between Plaintiff and Defendants "exceeds the sum of Twenty-five Thousand ($25,000) Dollars, exclusive of costs, statutory attorney fees and interest." (Compl. ¶ 5). Plaintiff's Complaint does not, however, specify the precise amount of damages sought by Plaintiff.

10. When a complaint fails to specify the amount in controversy between the parties, the party seeking to remove the case to federal court must establish, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum amount of $75,000 established by 28 U.S.C. § 1332. *See Durant v. Servicemaster Co. Trugreen, Inc.*, 147 F. Supp. 2d 744, 748 (E.D. Mich. 2001) ("In cases removed to federal court where the Plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant who removes the case has the burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount") (internal quotation marks omitted). To determine whether a case more likely than not places at issue the minimum jurisdictional amount, the court may consider the moving party's notice of removal, along with affidavits filed in support thereof. *See Kennard v. Harris Corp.*, 728 F. Supp. 453, 454 (E.D. Mich. 1989) ("Where the Plaintiff's pleadings are insufficient to determine the amount in controversy, the

3

court may consider the allegations of the petition for removal and affidavits submitted in opposition to remand") (criticized on other grounds by *Garza v. Bettcher Industries, Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990)).

11. In this case, the preponderance of the evidence demonstrates that more than $75,000 is at issue between the parties.

    a. The Complaint seeks damages under the Michigan Pricing and Advertising of Consumer Items Act, MCL 445.351 *et seq*. The damages provision of that Act provides for recovery in the amount of either "actual damages or $250.00, whichever is greater, <u>for each day</u> on which violations of this act have been found together with reasonable attorneys' fees not to exceed $300.00 in an individual action." MCL 445.360(2) (emphasis added). Plaintiff seeks damages of $250 days since February 2001. (Compl. ¶ 19.) The total amount of damages sought under that statutory section would amount to in excess of $90,000. Plaintiff also seeks a permanent injunction to prevent Access Resource Services, Inc. and Psychic Readers Network from ever advertising in the State of Michigan, which would increase the damages sought to more than $90,000.

    b. The Complaint seeks to hold the individual defendants vicariously liable for the debts of the corporation. If the corporate defendants are found liable to plaintiff, then the individual defendant's liability would likely be in excess of $75,000.

12. Therefore, the matter in controversy now exceeds, and exceeded when the State Court Action was commenced, the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

13. Copies of all process, pleadings, motions or orders served upon Defendants in the State Court Action are attached as Exhibit A.

4

WHEREFORE, Defendants hereby remove the action now pending against them in Wayne County Circuit Court, case number 02-230272-CP, to this Court.

Dated: October 3, 2002.

Respectfully Submitted:

JAFFE, RAITT, HEUER & WEISS, P.C.

By: _____
Eric A. Linden (P30249)
Patrice S. Arend (P56962)
One Woodward Avenue, Suite 2400
Detroit, Michigan 48226
313-961-8380

*Attorneys for Access Resource Services, Inc. and Psychic Readers Network, Inc.*

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JAMIE LYNN ZAHARAKIS,
individually and on behalf of all
other similarly situated consumers,

    Plaintiff,

vs.

IOUREE DELL HARRIS, an individual and
ACCESS RESOURCE SERVICES, INC.,
a Foreign Profit Corporation,
PSYCHIC READERS NETWORK, INC.,
a Foreign Profit Corporation,
STEVEN L. FEDER and PETER STOLZ,
Jointly d/b/a "MISS CLEO",
MASTER TAROT READER AND PSYCHIC,

    Defendants.
_____/

Case No.:02-230272 CP
Hon. Cynthia Diane Stephens

LAW OFFICE OF BILL COLOVOS
By: BILL COLOVOS (P-38434)
Attorney for Plaintiff
13400 Dix-Toledo Road
Southgate, MI 48195
(734) 282-2900 (phone)
(734) 281-7332 (facsimile)
_____/

## SECOND AMENDED
## CLASS ACTION COMPLAINT

NOW COMES your Plaintiff, JAMIE L. ZAHARAKIS, by and through her attorney,

BILL COLOVOS, and for her complaint against Defendants represents as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, JAMIE L. ZAHARAKIS, is a resident of the County of Wayne, State of Michigan.

2. Upon information and belief, Defendant, IOUREE DELL HARRIS, is an individual and resident of the State of Florida.

LAW OFFICES
OF
Bill Colovos
ATTORNEY AT LAW
13400 DIX-TOLEDO ROAD
SOUTHGATE, MICHIGAN 48195

09/20/02 06:46 TX/RX NO.1159 P.002

3. Defendant, ACCESS RESOURCE SERVICES, INC., is a foreign profit corporation.

4. Defendant, PSYCHIC READERS NETWORK, INC., is a foreign profit corporation.

5. Defendant, STEVEN L. FEDER, is a resident of Ft. Lauderdale, Florida.

6. Defendant, STEVEN L. FEDER, is a director of both Defendant, ACCESS RESOURCE SERVICES, INC., and Defendant, PSYCHIC READERS NETWORK, INC., and is the President, Secretary and Treasurer of Defendant, PSYCHIC READERS NETWORK, INC.

7. Defendant, PETER STOLZ, is a resident of Ft. Lauderdale, Florida.

8. Defendant, PETER STOLZ, is a director of both ACCESS RESOURCE SERVICES, INC. and PSYCHIC READERS NETWORK, INC., and is the President, Secretary and Treasurer of ACCESS RESOURCE SERVICES, INC.

9. Defendants, STEVEN L. FEDER and PETER STOLZ, at all times material to this Complaint, acting alone or in conjunction with others, has formulated, directed, controlled, or participated in the acts and practices of intentional fraudulent acts as alleged within this Complaint on Consumers.

10. That Defendants have acted in concert and jointly done business and continue to do business in the County of Wayne, State of Michigan as "Miss Cleo", Master Tarot Reader and Psychic.

11. Defendants use television, print and Internet advertisements, as well as telemarketing, direct mail and electronic mail ("email") solicitations to generate business. Defendants make their services available to consumers via 900 telephone numbers and bill them for each minute spent on the line at a per-minute rate. Defendants use a national Network of

LAW OFFICES
OF
Bill Colovos
ATTORNEY AT LAW
3400 OUT-TOLEDO ROAD
SOUTHGATE, MICHIGAN
48195

"psychic readers" to provide "readings" to consumers who call Defendants' 900 numbers.

12. Defendants attract consumers via a nationwide advertising campaign that includes television, print and Internet advertisements, as well as telemarketing, direct mail and email solicitations. Defendants' advertisements feature a toll-free telephone number for consumers to call to obtain a "free reading" or a "free tarot reading." Defendants' advertisements often include disclosures in much smaller print that the first three minutes, or a similar number of minutes, of a call are free; that the caller should be eighteen years old or older; and that Defendants' services are "for entertainment only." Those disclosures are displayed only briefly and intermittently in difficult to read print. Defendants' advertisements often do not inform consumers of the per-minute cost of a call to the advertised service.

13. The proper venue for this cause of action is the County of Wayne, State of Michigan.

14. The amount in controversy is in excess of $25,000.00, exclusive of court costs, statutory attorney fees and interest.

## CLASS ACTION ALLEGATIONS

15. Defendants acted in concert to put in place a scheme of unlawful acts to defraud the public and more specifically the Plaintiff and tens of thousands of Michigan Consumers.

16. The scheme the Defendants have perpetrated on the Plaintiff and thousands of Michigan residents consisted of repeated media advertising of false material misrepresentations and omissions of fact to induce the Plaintiff and thousands of Consumers to call an alleged psychic hotline.

17. The Defendants' scheme of unlawful conduct includes but is not limited to advertising a "free reading" when in fact, no reading was free; using a toll free number in ads

LAW OFFICES
OF
Bill Colovos
ATTORNEY AT LAW
12400 DIX-TOLEDO ROAD
SOUTHGATE, MICHIGAN
48195

Page 3 of 9

09/20/02  06:46    TX/RX NO.1159    P.004

without disclosing that the service is accessed through a 900 number; engaging in unfair practices by frequently and repeatedly calling consumers, including consumers who had previously indicated they did not wish to receive such calls, and by failing to provide consumers with a reasonable method to stop such calls; and deceptively misrepresenting, in their advertising, that a free "reading" will be provided at no cost; and that through their agents, misrepresent the cost of the calls by claiming that the consumers' free minutes have not expired, or that the consumer will not be charged while on hold, and Defendants used telemarketers posing as psychics who used prepared manuscripts to perform alleged "readings".

18. The Defendants acted in concert in charging the Plaintiff and thousands of Michigan Consumers $4.99 per minute through the above described deceptive trade practices.

19. The Defendants' unlawful acts as set forth above were committed against the Plaintiff and Michigan Consumers from approximately February, 2001 through the present date.

20. Defendant, STEVEN L. FEDER, and Defendant, PETER STOLZ, used the veil of the corporate entities of which they solely control to set up a fraudulent scheme to defraud the Plaintiff and the public at large, including the Michigan Class of Consumers.

21. The members of the proposed Class of Plaintiffs are so numerous that joiner of all members is impractical.

22. There are questions of law or fact common to the members of the Class of Plaintiffs that dominate over the question affecting only individual members.

23. The claims of the representative parties are typical of the claims of the members of the Class of Plaintiffs who have suffered damages as a result of Defendant's unlawful actions.

24. Representative Plaintiff and her attorney will fairly and adequately protect the members of the consumer Class.

LAW OFFICES OF
Bill Colovos
ATTORNEY AT LAW
13400 DIX-TOLEDO ROAD
SOUTHGATE, MICHIGAN
48195

25. The maintenance of the action as a Class Action will be superior to other available methods of adjudication and promoting the administration of justice.

WHEREFORE, Plaintiff, JAMIE L. ZAHARAKIS, individually and on behalf of the Members of the Class, respectfully requests that this Court enter the following:

A. Certify the action as a Class Action and appoint the Plaintiff, JAMIE L. ZAHARAKIS, as the Class Representative and the Law Offices of BILL COLOVOS as legal counsel for the Class.

B. Enter an Order enjoining the Defendant from engaging in the unlawful acts described above.

C. Enter a Judgment against all Defendants that will fully and fairly compensate Plaintiff and members of the Consumer Class that have suffered damages and award statutory attorney fees, costs and statutory interest.

## COUNT I
## MICHIGAN CONSUMER PROTECTION ACT

17. Plaintiff hereby incorporates each and every allegations contained in paragraphs 1 through 16 above.

18. Defendants individually and in concerted action, violated the Michigan Consumer Protection Act, MCL 445.901, et seq., as follows:

A. Failing to reveal material facts, the omission of which tends to mislead or deceive the consumer and which, in fact, could not reasonably be known by the consumer.

B. Making representations of fact or statements of fact material to the

LAW OFFICES OF
Bill Colovos
ATTORNEY AT LAW
400 DIX-TOLEDO ROAD
SOUTHGATE, MICHIGAN
48195

Page 5 of 9

09/20/02 06:46 TX/RX NO.1159 P.006

transaction such that a person reasonably believes that represented or suggested stated affairs to be other than they actually are.

C. Failing to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

D. Causing a probability of confusion or misunderstanding as to the services provided and their true cost.

19. In reliance upon Defendants' misrepresentations and failure to fully disclose the true state of affairs concerning Defendants' deceptive advertising and marketing, the Plaintiff and members of the Class of Michigan Consumers paid and/or were billed certain monies, of which, all Defendants had a direct financial interest in.

20. As a direct and proximate cause of the Defendants' wrongful actions as outlined above, Plaintiff and members of the class of Michigan Consumers suffered out of pocket losses in being charged large sums of money.

21. Plaintiff and members of the class of Michigan Consumers, have suffered damages as provided by MCL 445.911, MSA 19.418, and have incurred attorney fees and costs.

WHEREFORE Plaintiff, JAMIE L. ZAHARAKIS, individually and on behalf of all other similarly situated consumers, respectfully petitions that this Honorable Court grant the following relief against the Defendants:

A. Certify the action as a Class Action and appoint the Plaintiff, JAMIE L. ZAHARAKIS, as the Class Representative and the Law Offices of BILL COLOVOS as legal counsel for the Class.

B. Enter an order declaring the Defendants' method, act and practice as

LAW OFFICES
OF
Bill Colovos
ATTORNEY AT LAW
400 DIX-TOLEDO ROAD
SOUTHGATE, MICHIGAN
48195

Page 6 of 9

09/20/02  06:46   TX/RX NO.1159    P.007

unlawful under MCL 445.911; MSA 19.418;

C. Enter an order enjoining the Defendants' from engaging in a method, act or practice which is unlawful under MCL 445.911; MSA 19.418;

D. Award Plaintiff, JAMIE L. ZAHARAKIS, and the Representative Class of consumers, damages against Defendant in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus reasonable attorney fees, court costs and statutory interest.

## COUNT II
## MICHIGAN PRICING AND ADVERTISING OF CONSUMER ITEMS ACT

22  Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 21 above.

23  The Defendants individually and in concerted action knowingly made, published, disseminated and placed before the public, advertisements which contained statements and representations which were misleading and deceptive.

24  The marketing and advertising was misleading, in that, it failed to reveal facts which were material in light of the representation made or suggested in a positive manner.

25  The actions and marketing by Defendants violated the Michigan Pricing and Advertising of Consumer Items Act, MCL 445.351, et seq., MSA 19.853, et seq., which regulates the advertising of consumer goods and services.

26  In reliance upon Defendants' misrepresentations and failure to fully disclose the true state of affairs as outlined within Plaintiff's Complaint above, the Plaintiff and members of the Class of Michigan Consumers paid certain monies, in which all Defendants had a direct financial interest.

27  As a direct and proximate cause of the Defendants' wrongful actions, Plaintiff

LAW OFFICES
OF
Bill Colovos
ATTORNEY AT LAW
3400 DER-TOLEDO ROAD
SOUTHGATE, MICHIGAN

Page 7 of 9

and members of the Class of Michigan Consumers suffered out of pocket losses through Defendants' deceptive and fraudulent advertising and marketing.

28  Pursuant to the Pricing and Advertising Act, the representative Plaintiff and each member of the Class that has suffered a loss, is entitled to actual damages or $250.00, whichever is greater, for each day on which the Defendants violated the Act.

29  Pursuant to Statute, Plaintiff's counsel gave written notice on June 20, 2002, of the violations of the deceptive advertising and marketing to the State of Michigan Attorney Generals Office prior to filing this civil complaint. Plaintiff's counsel is not aware of any action taken by the Attorney General.

WHEREFORE Plaintiff, JAMIE L. ZAHARAKIS, individually and on behalf of all other similarly situated consumers, respectfully petitions this Honorable Court to grant the following relief against the Defendants:

A.  Certify the action as a Class Action and appoint the Plaintiff, JAMIE L. ZAHARAKIS, as the Class Representative and the Law Offices of BILL COLOVOS as legal counsel for the Class.

B.  Enter an order declaring the Defendants' method, act and practice as unlawful under MCL 445.351 et seq; MSA 19.853 et seq;

C.  Enter an order enjoining the Defendants' from engaging in a method, act or practice which is unlawful under MCL 445.351; MSA 19.853(11) et., seq;

D.  Award Plaintiff, JAMIE L. ZAHARAKIS, and the Representative Class of Michigan Consumers, damages against Defendants in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus statutory attorney

LAW OFFICES
OF
Bill Colovos
ATTORNEY AT LAW
1400 DIX-TOLEDO ROAD
SOUTHGATE, MICHIGAN
48195

Page 8 of 9

09/20/02 06:46    TX/RX NO.1159    P.009

fees, court costs and statutory interest.

LAW OFFICES OF BILL COLOVOS

BY: _/s/ Bill Colovos_

BILL COLOVOS (P38434)
Attorney for Plaintiff
13400 Dix-Toledo Road
Southgate, Michigan 48195
(734) 282-2900 (phone)
(734) 281-7332 (facsimile)

Law Offices of
Bill Colovos
Attorney At Law
13400 Dix-Toledo Road
Southgate, Michigan
48195

Page 9 of 9

09/20/02  06:46  TX/RX NO.1159  P.010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED